[Civ. No. 781. Fourth Appellate District.—April 24, 1933.]

R. F. BARNETT et al., Respondents, v. DR. C. MARSILI, Appellant.

338

Borton & Petrini and W. L. Bradshaw for Appellant.

Conron & Conron for Respondents.

MARKS, J.—This is an action of claim and delivery to recover possession of an automobile. Respondents alleged title and right of possession, and appellant denied their title and right of possession, and alleged ownership in himself. The trial court found respondents had a lien upon the automobile to secure a loan of $300, and interest. They secured judgment for the possession of the car, or, in case delivery cannot be had, for the sum of $300, and interest.

On September 22, 1930, Bert Watson was a dealer in used automobiles in the city of Bakersfield. He had the automobile in question in his place of business and had possession of the "pink slip", which showed Ed Keeler as the legal and registered owner. On that day, Watson sold the car to appellant for $595, which was paid in full, together with one dollar to pay for the transfer of the registration to the new owner. On the same day, appellant received possession of the car and a bill of sale to it. No transfer of the registration was ever made to him. He testified that he had possession of the car at all times thereafter.

On January 29, 1931, Watson applied to respondents for a loan of $300 on the car. This loan was made the following day and a new certificate of registration issued showing respondents as the legal owners of the automobile. George H. Barnett testified that he saw the automobile in the place of business of Watson at the time the loan was made. The trial court found that respondents had no notice of any interest in, or claim to the car by appellant until after Watson had disappeared, which was a short time after the loan was made.

The only conflict in the evidence is presented by the testimony of appellant, that the car did not leave his possession,

and that of Barnett, that he saw it in Watson's place of business at the time the loan was made.

The case must be decided under the familiar rule that where one of two innocent persons must suffer by the act of a third, he whose negligence caused the loss must be the sufferer. (Sec. 3543, Civ. Code.) Appellant permitted four months and seven days to elapse between his purchase of the automobile and the fraud of Watson, without making any effort to ascertain why the change in registration had not been effected and the new registration certificate delivered to him. The law required the old certificate to be delivered to the motor vehicle department within ten days after the sale. Appellant is charged with knowledge of the law. If he had used any diligence in protecting his rights and in seeing that the new registration certificate was issued within a reasonable time with himself named as legal and registered owner, Watson would not have had possession of the "pink slip" on January 29, 1931, and could not have secured the loan from respondents.

Having determined that the negligence of appellant occasioned the loss, the legal questions at issue are settled by the case of *Washington Lumber & Millwork Co.* v. *McGuire,* 213 Cal. 13 [1 Pac. (2d) 437]. Under this authority, respondents had an equitable lien upon the property as security for the money loaned.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.